FILED

Williams, Benjamin R.
    Plaintiff

V.

Fetters, Ronald L. & Macdy, Jennipher L.
    Defendants.

2012 SEP -7 AM 9: 11

US DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA DISTRICT OF FLORIDA
ORLANO DIVISION          ORLANDO, FLORIDA

IN THE INTEREST OF:                          )
                                             )
R.J.W., (DOB: ⬛⬛/2004)                       )
                                             )
        And                                  )   CIVIL No. 6:12-CV-1362-ORL-36-GJK
                                             )
M.A.W., (DOB: ⬛⬛/2002)                       )
_____)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1441(c). Defendant Ronald Fetters, Pro'

Se, hereby files and serves this Notice of Removal of the state civil action entitled, *In the Interest

of: R.J.W. (DOB: ⬛⬛/2004) and M.A.W., (DOB: ⬛⬛/2002)*, Case No. 2010-11397-CJDL,

and re-filed August 15, 2012, in the Circuit Court of the Seventh Judicial Circuit of the State of

Florida in and for Volusia County ("the State Court Litigation"), to the United States District

Court of the Middle District of Florida, Orlando Division.

Removal is based on federal question jurisdiction because a federal question appears

since the duration of the litigation. In support of its notice, Defendants state as follows:

### I.     Background

1.      Pursuant to Local Rule 4.02(b) and 28 U.S.C. § 1446(a), a copy of all process,

pleadings and orders received by Defendants are attached as Exhibit A.

2.     The State Court Litigation was re-filed on August 15, 2012, by Counsel for the Plaintiff, Benjamin Williams.   The Petition alleged that the Defendants were in contempt of the State Court's final order dismissing the action and relinquishing jurisdiction.

3.     On June 24, 2012 the State Court relinquished jurisdiction over the subject matter children and action, by dismissing the entire case for what the Court stated was lack of Jurisdiction and then also ordering the subject  minor children to be taken to the Father no later than August 12, 2012.

4.     On July 25, 2012 the Father and Defendants came to a mutual agreement altering the return of the minor children to see fit as to the children's best interest, this being done at the advice of the children's counsel, and with both attorney's assigned to the Mother and hired by the Father attempting to work in the children's best interest.

5.     The State Court did not release it's written order until July 26, 2012.

6.     The Defendant's filed their proper Notice of Appeal.

7.     The Defendants were denied every relief by the State Courts that they had a legal right to, faster than the Defendants could file the request.

8.     The Father requested that the State Court to issue an Order to Show Cause against the two now Defendant's , and the State Court has issued an order to show cause against the Defendant's.

9.     The State Court has violated the Defendant's Constitutional Rights to "Equal Justice for All", as the Defendant's clearly do not have any rights to the State Courts for a fair and unbiased decision on any matter of State Law.


**II.     This Notice of Removal is Timely Filed**

10.     The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after August 23, 2012, which is the date Defendants first received the Order to Show Cause (Summons) in this action which is Opening the Dismissed Case.

11.     The United States District Court for the Middle District of Florida is the proper place to files this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

## II.     This Court Has Federal Question Jurisdiction

12.     This action arises under the United States Constitution Amendment Fourteen (XIV) Section 1.

As the Defendants have tried State Circuit Court,  Fifth District Court of Appeals as well as the Florida State Supreme Court, both of which has turned their backs on the Defendants' and failed to rule on the Laws of Florida or the United States, buy allowing the State Court to proceed with its attack upon Defendant's.

## III.     Consent of Defendants

13.     Consent is authorized by both Defendant's as this is a joint Notice of Removal filed by both Defendant's together.

## IV.     Notice of Removal to the Circuit Court of Volusia County, Florida

14.     Concurrently with this Notice of Removal, Defendants will file a copy of this Notice with the Circuit Court of Volusia County, Florida.  A copy of the written notice of the Notice of Removal to the Federal Court is attached hereto as **Exhibit C**.  In accordance with 28 U.S.C. § 1446(d), Defendants will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

15.     If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that port-removal evidence in assessing removal jurisdiction may be considered by the Court).

## V, <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United State District Court for the Middle District of Florida, Orlando Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promoted the ends of justice.

NOTICE: The Defendant's file this herein on an emergency basis and will possibly within 10 days to file any amendments to the Notice of Removal or Documents from the State Record Respectfully.

This 7th day of September 2012.

## CERTIFICATATE OF SERVICE

The parties herein by signing below hereby certify and affirm that a true and correct copy of the forgoing will be delivered to: State of Florida Judge Leah R. Case, James Francis Feuerstein, Benjamin Reavis Williams, State of Florida Department of Children and Families – Annette Pitts , either or both by hand and or by mail on 7th day of September, 2012.

Ronald L. Fetters
PO Box 5562
Deltona, Florida 32728
(407) 574-5323
(407) 505-3949 (Fax)

Jennipher L. Moody
PO Box 5562
Deltona, Florida 32728
(407) 574-5323
(407) 505-3949