UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN R. WILLIAMS,

      Plaintiff,

v.                                                        CASE NO. 6:12-CV-1362-Orl-36GJK

RONALD L. FETTERS
and JENNIPHER L. MOODY,

      Defendants.
_____/

## ORDER

This cause comes before the Court *sua sponte* on consideration of its subject matter jurisdiction. Defendants contend that on August 15, 2012 the state court action, *In the Interest of R.J.W. and M.A.W.*, Case No. 2010-11397-CJDL was re-filed in the Seventh Judicial Circuit in and for Volusia County, Florida. *See* Doc. 1. On September 7, 2012, the Defendants filed a Notice of Removal, attempting to remove the state court action to federal court. *Id*. The Defendants assert that "[r]emoval is based on federal question jurisdiction because a federal question appears since the duration of the litigation." *Id*. at 1.

For federal question jurisdiction to exist, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. 28 U.S.C. § 1331. The existence of federal question jurisdiction is determined by reference to the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. *Butterworth v. Chances Casino Cruises, Inc.*, 1997 WL 1068628, at *2 (citing *Caterpillar, Inc. v. Williams*, 482

U.S. 386, 392 (1987)). Federal question jurisdiction is deemed to exist where "federal law creates the cause of action" or where a federal cause of action is an essential component of the plaintiff's state law claim. *Id*. (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The only allegation presented in the Defendants' Notice of Removal supporting their contention that federal question jurisdiction exists is that "[t]his action arises under the United States Constitution Amendment Fourteen (XIV) Section 1." Doc. 1, ¶ 12. The Court is unclear as to how the facts of the underlying case have any relation to the Fourteenth Amendment. Moreover, as no copies of the state court action have been filed in federal court, it is unclear whether this alleged grant of federal jurisdiction is apparent on the face of the state court complaint. *See* Rule 4.02(b), Local Rules, United States District Court, Middle District of Florida.

Defendants are, therefore, directed to **SHOW CAUSE** as to why this action should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1331. The Defendants shall file a written response within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond within the time period provided will result in this matter being remanded to state court. Additionally, because subject matter jurisdiction is questionable, the Court will take no action on the Defendants' pending Emergency Motion for Injunctive Relief, which requests this Court to enjoin the state court action, until federal court jurisdiction has been established.

**DONE AND ORDERED** at Orlando, Florida on September 10, 2012.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD